## ATTACHMENT A

## STIPULATION OF FACTS

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Beginning at least in or around late 2015, **JOSHUA WAYNE WILCOM ("WILCOM")** began selling controlled substances that he believed to be heroin to other drug users in order to support **WILCOM's** own drug habit.

On April 17, 2016, **WILCOM** was the passenger in a vehicle pulled over during a traffic stop. During the traffic stop, **WILCOM** exhibited signs of being under the influence of a controlled substance and was asked to step out of the vehicle. **WILCOM** consented to a search of his person, and officers discovered a small plastic baggie containing suspected heroin in **WILCOM's** wallet. **WILCOM** was taken into custody and advised that he would be taken to a police station to be further searched. **WILCOM** admitted to having additional heroin secreted in his buttocks, and an additional 2.2 grams of heroin was later removed from him. **WILCOM** was not charged with any drug-related offenses at the time.

Victim 1 was one of the individuals to whom **WILCOM** sold heroin. On April 26, 2016, Victim 1 sent a text message to **WILCOM** at a phone number ending in -3288, inquiring whether **WILCOM** was "Good?," meaning whether **WILCOM** had drugs available to sell. At 9:50 p.m., **WILCOM** responded, "Yupp," and Victim 1 indicated that Victim 1 was on his way. Victim 1 then arranged a ride from Uber. The Uber driver drove Victim 1 to **WILCOM's** residence in Monrovia, Maryland. Victim 1 sent a text message to **WILCOM** at 10:27 p.m., "Yo I'm here. Walk around?" **WILCOM** responded, "To the bottom of the steps." At 10:34 p.m., **WILCOM** sent another text message to Victim 1 that said, ""B careful with thos shit to no joke." Victim 1 then returned to the residence where he was staying in Gaithersburg, Maryland. Uber records indicate Victim 1 arrived at the Gaithersburg residence at 10:58 p.m. on April 26, 2016.

Victim 1 was found deceased in the basement of the Gaithersburg residence on the morning of April 27, 2016. On or about April 28, 2016, OCME performed an autopsy and toxicology screen on Victim 1. OCME determined the cause of death to be "Fentanyl Intoxication." It is OCME's opinion, to a reasonable degree of medical certainty, that Victim 1's consumption of fentanyl was the cause of Victim 1's death.

During an interview with law enforcement on June 2, 2016, **WILCOM** stated that he thought he was selling Victim 1 heroin, but would not be surprised if it turned out to be fentanyl, given its strength.

SO STIPULATED:

_____
Lindsay Eyler Kaplan
Assistant United States Attorney

_____
Joshua Wayne Wilcom
Defendant

_____
Julie L. B. Stelzig, Esq.
Counsel for Defendant